## 46451. HARMON v. W. JAMES WILSON & ASSOCIATES, INC.

JORDAN, Presiding Judge. In this eviction proceeding commenced under *Code Ch.* 61-3 on March 23, 1971, the defendant Harmon appeals from an order of May 4, 1971, entitling the plaintiff corporation to possession of the premises.

Included in the defenses to the proceeding is a claim that the defendant holds the premises under a written sublease in which the plaintiff acquiesced, covering a period of two years commencing on January 1, 1971, and providing for a monthly rental of $350, "payable on the first day of each and every month during the term, in advance." An interlocutory order dated April 23, 1971, provided "That the defendant is required to pay into the registry of this court all rent now due under his purported lease upon the within contested premises on or before Friday April 30, 1971. Also the defendant is further required to pay all future rentals into the registry of this court as same become due until a final determination of this case. Upon failure by defendant to pay all rents when due into the registry of this court, a writ of possession will issue."

On May 3, 1971, the plaintiff moved for a writ of possession, al-

leging that "a payment under the purported lease was due on May 1, 1971, and said payment has not, from the record, been made as of 2:30 p.m. this May 3, 1971." At a hearing on May 4, 1971, counsel for the defendant contended that it was the understanding of the parties that the rent was to be paid between the first and tenth of the month, and stated: "The rent was paid in this morning. As soon as we got down here we did pay it in. I think that the conduct of the parties in the past would probably govern and if—"

Under § 3, Ga. L. 1970, pp. 968, 970 (*Code* § 61-304, as amended), the trial judge in an eviction proceeding may order the payment of rent into the registry of the court when determination of the right of possession cannot be determined within one month from the date of the original affidavit, and upon default in payment (§ 3 (c)) shall issue a writ of possession.

There is no attack on the validity of the order of April 23, 1971, and in our opinion the trial judge properly ruled that this order required payment of rent into the registry of the court when due on the first of each month under the written lease, and, the defendant having failed to comply with the order, the plaintiff was entitled to a writ of possession.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
SUBMITTED SEPTEMBER 13, 1971—DECIDED NOVEMBER 2, 1971.

*Moffett & Henderson, F. Glenn Moffett, Jr.,* for appellant.
*Smith & Brooks, Edward B. Brooks,* for appellee.